RECEIVED

LORETTA A. PRESKA
U.S. DISTRICT JUDGE
S. D. N. Y.

COURTESY COPY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| FINANCIAL GUARANTY INSURANCE COMPANY,<br><br>        Plaintiff,<br><br>  v.<br><br>INDYMAC BANK, F.S.B.,<br><br>        Defendant. | Case No. 08 Civ. 6010 (LAP)(MHD)<br><br>**STIPULATION AND [PROPOSED] ORDER TO ALLOW FDIC FOR LEAVE TO INTERVENE AND BE SUBSTITUTED FOR INDYMAC BANK, F.S.B. AND FOR STAY OF PROCEEDINGS** |

WHEREAS on July 11, 2008, Indymac Bank, F.S.B., Pasadena, California was closed by the Office of Thrift Supervision, and the Federal Deposit Insurance Corporation ("FDIC") was appointed as Conservator ("FDIC-Conservator" or "FDIC-C") for IndyMac Federal Bank, F.S.B. ("Indymac Federal"), and the FDIC was appointed as Receiver ("FDIC-Receiver" or "FDIC-R") for IndyMac Bank, F.S.B. ("Indymac");

WHEREAS, Indymac has failed, no longer operates as a bank, and the assets of Indymac were allocated to FDIC-C and FDIC-R, both of whom now hold an interest in this proceeding pursuant to 12 U.S.C. § 1821(d)(2) and an agreement among the FDIC, FDIC-R, and FDIC-C ("the Insured Deposit Purchase and Assumption Agreement");

WHEREAS the FDIC-C and FDIC-R stand in the shoes of Indymac to perform all functions of the institution in the name of the institution, including to prosecute this action, as further specified in the Insured Deposit Purchase and Assumption Agreement;

WHEREAS as the FDIC-C and FDIC-R have substantial legal interests in the subject matter of this case;

WHEREAS, in order to protect their interests, the FDIC-C and FDIC-R seek to intervene pursuant to Fed. R. Civ. P. 24(a) and substitute themselves in the place and stead of Indymac pursuant to Fed. R. Civ. P. 25(c);



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/8/08

WHEREAS Fed. R. Civ. P. 24(a) permits a nonparty to intervene in an action when the nonparty claims an interest relating to the property or transaction that is the subject of the action and disposition of this action without intervention would impair the FDIC-C's and FDIC-R's abilities to protect their interests in Indymac;

WHEREAS Fed. R. Civ. P. 24(c) provides that, when there has been a transfer of interest from a party to the litigation to a nonparty to the action, the court may substitute the nonparty in the action;

WHEREAS 12 U.S.C. § 1821(d)(12)(A)(ii) provides that the FDIC-Receiver may request a 90-day stay of any civil action or legal proceeding to which an insured depository institution has become a party;

WHEREAS 12 U.S.C. § 1821(d)(12)(B) provides that upon receipt of a request by any Receiver pursuant to 12 U.S.C. § 1821(d)(12)(A) for a stay of any judicial action or proceeding in any court with jurisdiction of such action or proceeding, the court shall grant such stay as to all parties;

Plaintiff and Defendant, by and through the FDIC-C and FDIC-R, hereby stipulate between themselves that the FDIC-C and FDIC-R be given leave to intervene in this action and substitute themselves for Indymac; and that this action be stayed for 90 days from the date of this Order. This Stipulation is without prejudice to any right, claim, defense or motion of any party. FGIC does not take a position as to whether both the Conservator and Receiver have an interest in this proceeding and reserves the right to dispute one of such interests exists, but FGIC does not oppose the entry of this order substituting FDIC-R and FDIC-C for Indymac.

**SO STIPULATED**

///

///

///

Dated: July 25, 2008

| | |
|---|---|
| **KUTAK ROCK LLP**<br><br>By: _/s/ Robert A. Jaffe_<br>Robert A. Jaffe (RJ-9286)<br>Joseph A. Ingrisano<br>   (pro hac vice to be applied for)<br>Antoinette Picón Hewitt<br>300 East 42nd St. - 10th Floor<br>New York, NY 10017<br>Tel.: (212) 922-9155<br>Fax: (212) 922-9157<br><br>1101 Connecticut Ave., N.W<br>Washington, D.C.  20036<br>Tel.: (202) 828-2400<br>Fax: (202) 828-2488<br><br>18201 Von Karman Ave. - Suite 1100<br>Irvine, CA  92612<br>Tel.: (949) 417-0999<br>Fax:  (949) 417-5394<br><br>Robert.Jaffe@KutakRock.com<br>Joseph.Ingrisano@KutakRock.com<br>Antoinette.Hewitt@KutakRock.com<br><br>Attorneys For Plaintiff<br>Financial Guaranty Insurance Company | **HELLER EHRMAN LLP**<br><br>By: _/s/ Daniel L. Dunne_<br>Daniel L. Dunne (pro hac vice to be applied for)<br>Lori Lynn Phillips (pro hac vice to be applied for)<br>Joshua B. Selig (JS-1271)<br>701 Fifth Ave., Suite 6100<br>Seattle, WA 98104<br>Tel: (206) 389-6026<br>Fax: (206) 515-8950<br>Daniel.Dunne@hellerehrman.com<br>Lori.Phillips@hellerehrman.com<br>Joshua.Selig@hellerehrman.com<br><br>and<br><br>David B. Goodwin (pro hac vice to be applied for)<br>COVINGTON & BURLING LLP<br>One Front Street<br>San Francisco, CA 94111-5356<br>Tel: 415.591.7074<br>Fax: 415.955.6574<br><br>Attorneys for Defendant IndyMac Bank, F.S.B. and Federal Deposition Insurance Corporation, as Conservator for IndyMac Federal Bank, F.S.B. and Receiver for IndyMac Bank, F.S.B. |

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. The FDIC as Conservator for IndyMac Federal Bank, F.S.B. and Receiver for Defendant IndyMac Bank, F.S.B. is granted leave to intervene as of right in this matter and to be substituted in the place and stead of IndyMac Bank, F.S.B.

2. All proceedings against all parties in this matter shall be hereby stayed for 90 days from the date of entry of this order, _August 7_, 2008.

Dated: _August 7_, 2008

_Loretta A. Preska_
Hon. Loretta A. Preska
United States District Judge

8/4/08 1:46 PM ()